**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DONNA CLARK,**

                **Plaintiff,**　　　　　　　　1:09-cv-716
　　　　　　　　　　　　　　　　　　　　　　　(GLS\DRH)
       **v.**

**NEW YORK STATE OFFICE OF THE
STATE COMPTROLLER,** et al.,

                **Defendants.**
_____

**APPEARANCES:**　　　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**
Donna Clark
Pro Se
43 Raymo Street
Albany, NY 12209

**FOR THE DEFENDANTS:**

*State Defendants*
HON. ANDREW M. CUOMO　　　　　ADRIENNE J. KERWIN
New York State Attorney General　　Assistant Attorney General
The Capitol
Albany, NY 12224

*CSEA Defendants*
Civil Service Employees Association　　DAREN J. RYLEWICZ, ESQ.
143 Washington Avenue
P.O. Box 7125, Capital Station
Albany, NY 12224

*Defendant John Wapner*　　　　　　KATHRYN C. COLLINS, ESQ.

Furman, Kornfeld Law Firm          NEIL S. KORNFELD, ESQ.
61 Broadway, 26th Floor
Suite 403
New York, NY 10006

**Gary L. Sharpe**
**District Court Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Pro se plaintiff Donna Clark commenced this action against various employees of the Office of the State Comptroller (OSC), Civil Service Employees Association (CSEA) members, and John Wapner, alleging violations of the Family and Medical Leave Act (FMLA), the Americans with Disabilities Act (ADA), Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), the New York Human Rights Law (NYSHRL), and her First Amendment and Due Process rights pursuant to 42 U.S.C. § 1983.  (Compl., Dkt. No. 1.)  Pending are motions to dismiss filed by all defendants.  (Dkt. Nos. 26, 30, 36.)  For the reasons that follow, the motions are granted in part and denied in part.

## II. Standard of Review

The standard of review under FED. R. CIV. P. 12(b) (1) and (6) is well

2

established and will not be repeated here. For a full discussion of the standards, the court refers the parties to its decision in *Hunt v. United States*, No. 1:07-CV-0112, 2007 WL 2406912, at *1 (N.D.N.Y. Aug. 21, 2007), and *Ellis v. Cohen & Slamowitz, LLP*,701 F. Supp. 2d 215, 217-18 (N.D.N.Y. 2010.) As relevant to this motion, review of a Rule 12(b)(6) motion "is generally limited to the facts and allegations that are contained in the complaint and in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." *Blue Tree Hotels Inv., Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir.2004) (citations omitted).

### III.  Background[1]

Donna Clark was a Calculation Clerk for OSC from June 30, 2005, to March 1, 2007. (*See* Compl. ¶ 26, Dkt. No. 1.) Clark suffers from post-traumatic stress disorder, chronic pain, amnestic disorder, post-concussive syndrome, cognitive deficits, photophobia, hip and lumbar injuries, headaches, word retrieval problems, and tangential speech patterns. (*See Id*. at ¶ 23.) Clark requested and was granted medical leave from October

---

[1] While Clark's complaint is difficult to comprehend, it will nevertheless be construed in the light most favorable to her as a pro se plaintiff and as the non-movant.

3

26, 2006, to December 3, 2006.  (*See Id.* at ¶ 34.)  On March 1, 2007, OSC placed Clark on involuntary administrative leave from her job. (See *Id.* at ¶ 136.)  Thereafter, Clark underwent a medical examination and participated in a proceeding where it was determined that she was unfit to perform her job.  (See *Id.* at ¶¶ 136, 142.)

## IV.  Discussion

### A.    Sufficiency of the Complaint

### 1.    State Defendants

#### a.    Exhaustion

Defendants contend that several claims set forth in the complaint must be dismissed because Clark has not exhausted her administrative remedies with respect to those claims.  Specifically, they argue that some claims were neither included in the complaint filed with the EEOC nor reasonably related to those claims, and that various defendants were not specifically named in the EEOC complaint.

While defendants concede that Clark has alleged causes of action under Title VII, the ADA, and the ADEA, they specifically dispute factual allegations pertaining to each cause of action in relation to exhaustion. The aspect contesting factual allegations surrounding the causes of action

4

is premature. Accordingly, the court declines to dismiss Clark's complaint for failure to exhaust.

### b.    Title VII and Individual Liability

As a preliminary matter, the court notes that "individuals are not subject to liability under Title VII." *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam) (citation omitted). Accordingly, to the extent that Clark raises a claim against individual state defendants under Title VII the claim is dismissed. *See Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 221 (2d Cir. 2004).

In addition, OSC argues that Clark has failed to state a claim under Title VII. At this juncture, the court will permit the complaint to survive and denies the motion.

### c.    Age Discrimination in Employment Act

The Eleventh Amendment bars claims for money damages against state agencies or state officials in their official capacity under the ADEA. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000). Consequently, to the extent that Clark's complaint alleges money damages against OSC under the ADEA, that claim is dismissed.

### d.    Remaining Claims

5

The state defendants maintain that Clark has failed to state a viable claim under the FMLA, § 1983, the First Amendment, and the NYSHRL. Again, at this juncture, these claims survive. The state defendants motion to dismiss is denied.

## 2.   Defendant John Wapner

Clark's complaint alleges that John Wapner is liable in his personal capacity pursuant to the ADA, the ADEA, and Title VII. Wapner contends that this portion of the complaint should be dismissed because he is not Clark's employer and individual liability is not viable. The court concurs and dismisses the complaint, insofar as it seeks to hold Wapner liable under the ADA, the ADEA, or Title VII.

Also, Wapner contends that Clark has failed to state a retaliation claim pursuant to the FMLA or the NYHRL because the complaint does not allege that Wapner is her employer. Again, the court concurs and dismisses the complaint insofar as it seeks to hold Wapner liable under the FMLA and NYSHRL.

However, the court declines to dismiss Clark's §1983 claim against Wapner at this juncture.

## 3.   Union defendants

6

Although difficult to decipher, the complaint appears to be suing CSEA for a variety of claims. At this juncture, CSEA's motion to dismiss is denied.

### IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Wapner's motion to dismiss (Dkt. No. 36) is **DENIED** as to Clark's § 1983 claim; and it is further

**ORDERED** that Wapner's motion to dismiss (Dkt. No. 36) is **GRANTED** insofar as it seeks dismissal of Clark's claims under the ADA, the ADEA, and Title VII; and it is further

**ORDERED** that state defendants' motion to dismiss (Dkt. No. 26) is **GRANTED** as to the Title VII claims asserted against them in their individual capacities; and it is further

**ORDERED** that state defendants' motion to dismiss (Dkt. No. 26) is **GRANTED** insofar as Clark's complaint seeks money damages against OSC under the ADEA; and it is further

**ORDERED** that state defendants' motion to dismiss (Dkt. No. 26) is **DENIED** in all other respects; and it is further

**ORDERED** that the Unions' motion to dismiss (Dkt. No. 30) is

**DENIED** in all respects; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 30, 2010
Albany, New York

United States District Court Judge