**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DONNA CLARK,**

                **Plaintiff,**          **1:09-cv-716**
                                                        **(GLS/CFH)**
             **v.**

**NEW YORK STATE OFFICE OF THE**
**STATE COMPTROLLER** et al.,

                **Defendants.**
_____

**APPEARANCES:**                       **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Donna Clark
Pro Se
43 Raymo Street
Albany, NY 12209

**FOR THE DEFENDANTS:**

*State Defendants*
HON. ERIC T. SCHNEIDERMAN       KELLY L. MUNKWITZ
New York State Attorney General        Assistant Attorney General
The Capitol
Albany, NY 12224

*CSEA Defendants*
Civil Service Employees Association, Inc.   DAREN J. RYLEWICZ, ESQ.
143 Washington Avenue
P.O. Box 7125, Capitol Station
Albany, NY 12224

*Defendant John Wapner*

| | |
|---|---|
| Furman, Kornfeld Law Firm<br>61 Broadway<br>26th Floor, Suite 403<br>New York, NY 10006 | KATHRYN C. COLLINS, ESQ.<br>NEIL S. KORNFELD, ESQ. |

**Gary L. Sharpe**
**Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff pro se Donna Clark commenced this action against various defendants on June 23, 2009.  (See Compl., Dkt. No. 1.)  On August 31, 2012, Magistrate Judge David Homer issued an Order which directed state defendants[1] Jeanine Dominique and Celia Gonzales to serve written responses to "deposition questions" posed by Clark.  (Dkt. No. 111.)  Pending is the state's objection to Judge Homer's Order.  (See Dkt. No. 114.)  For the reasons that follow, defendants' objection is denied.

## II. Standard of Review

When reviewing an objection to a pretrial non-dispositive motion decided by a magistrate judge, the court will not disturb such an order unless it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  This standard governs a district court's review of a

---

[1]This objection is only filed on behalf of these two state defendants.

2

magistrate judge's orders concerning discovery disputes. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Under a clearly erroneous standard, a district court can reconsider a magistrate judge's order only if the court "'is left with the definite and firm conviction that a mistake has been committed.'" *See Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Under a contrary to law standard, a district court can reverse a magistrate judge's order only if the order fails to apply the relevant law. *See Olais-Castro v. United States*, 416 F.2d 1155, 1158 n.8 (9th Cir. 1969) ("The term contrary to law means contrary to any existing law." (internal quotation marks and citation omitted)). "[M]agistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 90 (S.D.N.Y. 2002).

### III.  Discussion

**A.  Defendants' Objections**

Upon review of the state defendants' letter objections, (see Dkt. No. 114), and having read the transcript of the August 30, 2012, hearing held before Judge Homer, (see Dkt. No. 122), the court affirms Judge Homer's

3

decision. In summary, Judge Homer's ruling was well within his discretion, compelling the defendants to answer written deposition questions in writing and sworn under oath was not clearly erroneous or contrary to law.

## IV. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the defendants' objection (Dkt. No. 114) is **DENIED** and Magistrate Judge Homer's August 31, 2012 order (Dkt. No. 111) is **AFFIRMED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED**.

Dated:     November 21, 2012
           Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court

4